UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cr-00095-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **EFREN TORRES-RODRIGUEZ,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on a letter to the Clerk of Court for Mecklenburg County, which was forwarded to this court inasmuch as defendant placed this court's case number on the top of that letter. In his letter, defendant seeks to have state authorities provide him with credit toward his state sentence for time he spent in Mecklenburg County jail credit. Construing plaintiff's letter in a manner most favorable to him, defendant may be asking this court to provide him with state credit for time served while in federal custody.

First, this court ran defendant's federal sentence of "time served" consecutive to any state sentence. Second, this court plays no role in computing federal sentences as that is left up to the United States Attorney General, by and through the Bureau of Prisons. Third, this court lacks authority to give a state defendant any credit on his state sentence for any reason.

What this court can do, however, is to provide defendant with information. After the Criminal Judgment was entered, the United States Marshal made a return on the Writ of *Habeas Corpus Ad Prosequendum*, which is the document which allowed this court to "borrow" defendant for processing his criminal case. In making that return, the United States Marshal provided the following information:

1

> Subject placed in USMS W/NC custody at Mecklenburg County Jail on 4/4/2014.
>
> KELLY M. NESBIT, USM
>
> Per notification from the Federal Coordinator at the Mecklenburg County Jail, received on 7/2/2014, State charges against this subject have been dismissed. This WHCAP has been satisfied.
>
> KELLY M. NESBIT, USM

Return on Writ (#26). This court understands such entry to mean that defendant satisfied the underlying state sentence and has been released from federal custody as the federal sentence was a consecutive "time served" sentence.

In addition, the court also has in the public docket a return on this court's Judgment, showing as follows:

> Subject released from USMS W/NC custody at the Mecklenburg County Jail on 7/2/2014. TIME SERVED. TOT ICE per detainer.

Return on Judgment (#27). This court understands that such entry means that while the federal Criminal Judgment has been satisfied, defendant has been turned over to Immigration authorities for deportation procedings based on a detainer. Why defendant remains in a state facility is not within the information this court has access to, but the court assumes that because defendant has been convicted of unlawful reentry, deportation proceedings have been commenced against him and he has been placed in a state facility for ICE detention as ICE typically contracts with state authorities to house its detainees pending processing.

With that information, defendant is advised to speak with his case manager at Polkton concerning the reason for his detention at that facility if it is unclear to him. Defendant is further advised that if he believes he is being held unlawfully by state authorities, he has the right to file

2

in the district of his confinement a Motion for Writ of *Habeas Corpus* under 28 U.S.C. § 2254. However, defendant is advised that it is not unlawful for federal authorities to house him at a state facility pending deportation proceedings.

**ORDER**

**IT IS, THEREFORE, ORDERED** that to the extent defendant seeks relief from this court in his letter (#28), such requests is denied.

Signed: March 20, 2015

Max O. Cogburn Jr.
United States District Judge